624 N.W.2d 725 (2001)
Mark CHURELLA, Susan Radtke and Peter Treboldi, on behalf of themselves and all members of their Class, Plaintiffs-Appellants, Cross-Appellees,
v.
PIONEER STATE MUTUAL INSURANCE COMPANY, Dale Little, Gordon H. Gingrich, Harlan Gingrich, Robert West, Dan Czmer, Jack D'Arcy, Carleton Wilson and Milton Timmerman, Defendants-Appellees, Cross-Appellants, and
Frank J. Kelley, Attorney General, D. Joseph Olson, Commissioner of Insurance, Intervening Defendants-Appellees.
No. 116474, COA No. 204840.
Supreme Court of Michigan.
April 17, 2001.
On order of the Court, the application for leave to appeal is considered and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE, in part, the November 12, 1999, decision of the Court of Appeals and REMAND the case to that court for consideration of plaintiffs' remaining issues. The Court of Appeals erroneously concluded that the Insurance Commissioner has exclusive jurisdiction over a policyholder's claim against a mutual insurance company for the distribution of excess surplus. "The power and authority to be exercised by boards or commissions must be conferred by clear and unmistakable language, since a doubtful power does not exist." Consumers Power Co. v. Public Service Comm., 460 Mich. 148, 155-156, 596 N.W.2d 126 (1999), quoting Mason County Civic Research Council v. Mason County, 343 Mich. 313, 326-327, 72 N.W.2d 292 (1955). M.C.L. § 500.403; M.S.A. § 24.1403, M.C.L. § 500.410; M.S.A. § 24.1410, and M.C.L. § 500.810; M.S.A. § 24.1810 do not clearly grant the Insurance Commissioner exclusive jurisdiction over a claim for distribution of surplus. Cf. Blue Cross & Blue Shield v. Demlow, Commissioner of Insurance, 403 Mich. 399, 430-432, 270 N.W.2d 845 (1978).
The application for leave to appeal as cross-appellant is also considered and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
We do not retain jurisdiction.